IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 11, 2012

## DERRICK LEMON GOODE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 12299   Robert Crigler, Judge**

**No.  M2012-00780-CCA-R3-PC - Filed March 27, 2013**

Petitioner, Derrick Lemon Goode, was convicted by a Bedford County jury of one count of the sale of .5 grams of cocaine and one count of the delivery of .5 grams or more of cocaine. *State v. Derrick Lemon Goode*, No. M2009-02259-CCA-R3-CD, 2010 WL 4674298, at *1 (Tenn. Crim. App., at Nashville, Nov. 17, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011). After the merger of the convictions, Petitioner was sentenced to twelve years.  He was unsuccessful on appeal. *Id.*  Petitioner subsequently filed a petition for post-conviction relief alleging that he was afforded ineffective assistance of counsel.  After conducting a hearing, the post-conviction court denied the petition.  On appeal, Petitioner alleges that he received ineffective assistance of counsel because trial counsel failed to adequately prepare for trial; failed to adequately prepare, interview and call witnesses for trial; and failed to properly investigate his addiction.  After a thorough review of the record, we conclude that Petitioner has not proven either that trial counsel's representation was deficient, or that Petitioner was prejudiced by trial counsel's representation.  Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Andrew Jackson Dearing, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Derrick Lemon Goode.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charles Crawford, District Attorney General, and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner was convicted in Bedford County of one count of the sale of .5 grams of cocaine, and one count of the delivery of .5 grams or more of cocaine. *Derrick Lemon Goode*, 2010 WL 4674298, at *1. The trial court merged the convictions and sentenced Petitioner to twelve years. *Id.* Petitioner unsuccessfully appealed his convictions. *Id.*

Petitioner filed a timely pro se petition for post-conviction relief. After the appointment of counsel, an amended petition was filed. The petition argued that Petitioner was afforded ineffective assistance of counsel. The post-conviction court held a hearing.

Petitioner was the first witness at the hearing. He testified that he only spoke with trial counsel about four times. He complained that trial counsel had not interviewed Aaron Taylor, Roy Smith, John Bailey, and Karen Goode, Petitioner's wife. He wanted these individuals to be witnesses at his trial. Petitioner later admitted that trial counsel had interviewed his wife and Mr. Bailey. He asserted, however, that trial counsel had not spoken with the potential witnesses about the proper subject matter.

Petitioner maintained that Mr. Taylor would have testified that Petitioner was not at the drug house on the day in question. With regard to Mr. Smith, Petitioner stated that he was Jessica Berry's boyfriend and would have testified to her lack of credibility. Ms. Berry was the confidential informant who was involved in Petitioner's arrest. According to Petitioner, he asked trial counsel to investigate Ms. Berry's prior criminal history and her work history. Trial counsel told him that Ms. Berry had a theft charge that had been dismissed.

Petitioner admitted that he received the State's discovery response from trial counsel. The discovery response included a list of witnesses who might have been called by the State. Petitioner did not request that trial counsel interview the listed individuals because it was trial counsel's job to interview them. Petitioner stated that to his knowledge, trial counsel did not interview these witnesses.

Petitioner asserted that he wrote many letters to trial counsel naming potential witnesses, but that trial counsel did not speak to these proposed witnesses. Petitioner believed that trial counsel was not prepared to go to trial. He came to this conclusion because trial counsel did not interview the "proper witnesses" who would have been able to corroborate Petitioner's version of events.

Petitioner stated that he at one point had a dependency on crack cocaine. Trial counsel did not inquire about Petitioner's mental state. Petitioner also stated that trial counsel did not explain trial procedures to him despite of the fact that it was the third time he had been on trial. Petitioner stated that he testified at trial. However, trial counsel did not discuss his testimony with him before he testified. Trial counsel did tell him that he did not have to testify. Petitioner stated that trial counsel did not discuss possible cross-examination by the State about his prior convictions. The trial court had ruled that the State could not ask about the prior convictions, but when he testified, the State nevertheless asked about them.

Petitioner also requested that trial counsel file various motions on his behalf. Petitioner testified that trial counsel filed the motions, but the trial court denied them. Petitioner also stated that after the motions were denied, trial counsel did not bring them back up.

Petitioner and trial counsel also discussed an audiotape that allegedly had Petitioner's voice on it. Petitioner testified that trial counsel played the tape for him. They discussed what was on the tape.

Petitioner stated that there was a question about one of the jurors. Petitioner stated that one of the jurors said that he thought Petitioner was guilty before trial even started. Petitioner told trial counsel that he wanted that juror off the panel. However, the juror in question was not in the initial group of jurors at voir dire. By the time the juror in question got up for voir dire in the jury box, Petitioner was out of peremptory strikes. The trial court asked the juror in question if he could set aside his opinion that Petitioner was guilty and listen to the evidence presented at trial. The juror replied that he could.

Petitioner also complained that trial counsel did not request *Jencks* material. He stated that trial counsel filed a motion prior to trial requesting *Jencks* material. However, trial counsel did not make a request for *Jencks* material after each witness testified.

Petitioner stated that he told trial counsel that he did not commit the crime. He wanted trial counsel to look into whether someone else had committed the crime, namely Mr. Bailey. He stated that trial counsel spoke with Mr. Bailey and he said he would not testify because he might incriminate himself. Trial counsel took no other actions with regard to Mr. Bailey.

Petitioner's wife, Karen Goode, also testified at the hearing. She stated that Petitioner's attorney did not contact her. She stated that had he contacted her she would have testified that her husband was with her buying a car on the day in question. She stated that he was with her all day. On cross-examination, she admitted that she had also been charged with a crime around the same time and was represented by counsel. Her case was settled

after her husband's charges in this case. She was incarcerated at the time of Petitioner's trial. Prior to that, Petitioner was incarcerated on previous charges. She admitted that she did not tell her attorney that she could have been an alibi witness for Petitioner.

Trial counsel also testified at the hearing. He stated that he started practicing corporate law in the Phillipines in 1981. He moved to the United States in 1991. He passed the Tennessee bar examination in 1998 and began practicing criminal law in Tennessee in 2000.

Trial counsel stated that he had several meetings with Petitioner. He said Petitioner wrote him many letters. Trial counsel stated that one of the letters insisted that he interview Mr. Bailey, Mr. Taylor, Hazel Bailey, and Mr. Smith. Petitioner's wife was not listed as a potential witness. Trial counsel saw her in a holding cell and asked her if she would come testify at the trial. Trial counsel wanted Ms. Goode to identify Petitioner's voice on the audio recording of the sale. She refused to testify.

Petitioner told trial counsel that the State should test the voice on the audiotape to determine whether it was him. Petitioner maintained that there were several Derrick Goodes in the county, and it could be any one of them. Trial counsel believed that it would be better to have a family member identify the voice on the tape.

Trial counsel testified that he attempted to interview the other witnesses listed in the letter. He said he spoke with Mr. Bailey, who is Petitioner's brother-in-law. Trial counsel asked him if he would be willing to testify. Petitioner maintained that Ms. Berry, the confidential informant, had been in a sexual relationship with Mr. Bailey and, therefore, Ms. Berry was covering for Mr. Bailey. Mr. Bailey refused to testify for fear of incriminating himself. At that time, Petitioner, Ms. Goode, and Ms. Bailey, who is Mr. Bailey's mother, were all in jail.

Trial counsel asked Mr. Bailey about Mr. Taylor, who was also on Petitioner's list of witnesses. Mr. Bailey told trial counsel that Mr. Taylor is Ms. Bailey's boyfriend. Mr. Bailey told trial counsel that Mr. Taylor was an old man who was drunk most of the time. Mr. Bailey refused to help trial counsel locate Mr. Taylor. Mr. Bailey also told trial counsel that Ms. Bailey did not want to talk to him. Mr. Smith also refused to speak with trial counsel. Trial counsel testified that he did not subpoena those witnesses because he did not know what the witnesses were going to say. Trial counsel told Petitioner about his conversation with the potential witnesses.

Trial counsel testified that he and Petitioner had a great deal of communication. He said that he met with Petitioner every time he came to court. In addition, trial counsel went

to the penitentiary to speak with Petitioner about his letters. Trial counsel stated that they listened to the audio recording together. He stated that he felt that he was very prepared for trial.

Trial counsel testified that Petitioner had a good understanding of the criminal justice system. Trial counsel presented letters to the court in which Petitioner cited cases and statutes and urged trial counsel to read them.

Trial counsel stated that he requested all *Jencks* material prior to trial. The trial court denied his request. Trial counsel included this as one of the issues on appeal. It was unsuccessful. Trial counsel stated that the State did not present any evidence that he was not expecting. Petitioner also complained that Ms. Berry made statements that were exculpatory to Petitioner and should have been disclosed as *Brady* material. Trial counsel testified that the statement to which Petitioner referred to was that the Drug Task Force paid Ms. Berry to be a confidential informant and paid for her to relocate to Florida. However, trial counsel stated that Ms. Berry testified to these facts in trial. The *Brady* issue was also raised unsuccessfully on appeal.

With regard to the problematic juror, trial counsel testified that he remembered the situation very well. He stated that initially the juror said that he thought Petitioner was already guilty from what the attorneys had said so far. The trial court questioned the juror and the juror said he could wait until he heard all the evidence to make a determination. Trial counsel testified that he had been to a seminar and read several books on jury selection. He stated that he wanted the juror because he was "aggressive" and not afraid to give reasons for his decision. Trial counsel told Petitioner he would like to keep the juror in question. Petitioner said no. Trial counsel said that Petitioner essentially picked the jury. When they got to the juror in question, Petitioner had used all his peremptory strikes.

Trial counsel testified that the State offered a plea deal of eight years with a thirty percent release eligibility. Trial counsel advised Petitioner to take the deal and warned him that he would likely receive twelve years. Petitioner refused the deal.

At the conclusion of the hearing, the post-conviction court concluded that Petitioner had not met the standards to prove ineffective assistance of counsel. Therefore, the post-conviction court denied the petition. Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in denying his petition for post-conviction relief. Petitioner's argument consists of the following

-5-

statements: "Trial counsel failed to adequately prepare, interview and call witnesses told to him by his client. Further trial counsel failed to adequately prepare his case for Trial. Petitioner further alleges his counsel failed to properly investigate his addiction."

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

## Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner argues that trial counsel was ineffective in failing to present several witnesses at trial. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Accordingly, even a petitioner who establishes that trial counsel deficiently performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 757-58.

In the case at hand, Petitioner did not present any other witnesses at the hearing other than himself and his wife. Petitioner did not call any of the witnesses he listed in his letters to trial counsel during the preparation for trial. As stated above, if a petitioner has not presented the witnesses whom he believes trial counsel should have presented, Petitioner cannot prove prejudice.

Petitioner did present his wife, Ms. Goode, at the hearing. Trial counsel testified that he asked Ms. Goode to testify at Petitioner's trial, and she refused. In addition, the post-conviction court concluded that Ms. Goode's testimony concerning the events on the day in question contradicted Petitioner's testimony at trial. His testimony did not mention that he was with Ms. Goode, and he also testified that he was using the car that Ms. Goode said they bought that day. Petitioner has not proven that trial counsel's failure to call Ms. Goode as a witness prejudiced his case. Her testimony at the post-conviction hearing has not shown that the outcome would have been any different had she been presented as a witness at trial.

Petitioner argues that trial counsel was not prepared for trial. His brief does not include any specific allegations as to how trial counsel was not prepared for trial. We have reviewed the record on appeal and conclude that Petitioner has not shown that trial counsel

was not prepared. The post-conviction court found that Petitioner had not satisfied the prongs set out in *Strickland*. In making such a conclusion, the trial court clearly found trial counsel to be more credible than Petitioner. Trial counsel testified that he met several times with Petitioner both at court and at the penitentiary. He responded to Petitioner's letters and attempted to interview and locate witnesses.

He filed motions for *Jencks* material that were denied by the trial court, and the denial was later upheld on appeal. *Derrick Lemon Goode*, 2010 WL 4674298, at * 3-4. Petitioner did not present any evidence that there were any statements made by witnesses that would have been turned over as *Jencks* material. Therefore, there was no evidence to support the conclusion that he was prejudiced by the failure of this motion so as to meet the second prong of *Strickland*.

There was also the issue of a *Brady* violation raised during the hearing. He argued that trial counsel was ineffective because the fact that Ms. Berry was paid by the Drug Task Force to be a confidential informant and paid for her to live in Florida constituted *Brady* material. This issue was also raised unsuccessfully on appeal. *Id.* at *4-5. Our opinion on direct appeal states that this information came out at trial. Witnesses at the hearing on the petition also testified to this fact. Therefore, even assuming counsel deficiently performed, Petitioner cannot demonstrate prejudice because the information in question was presented to the jury. Therefore, Petitioner cannot meet both prongs of *Strickland*.

The juror issue was also raised on direct appeal. *Id.* at *2-3. This Court determined that "the trial court did not abuse its discretion by refusing to exclude [the juror]." *Id.* at *3. This Court on direct appeal, and the post-conviction court after the hearing, both concluded that the juror in question understood his duty to wait to make a decision after all the evidence was submitted by both sides. There is nothing in the record that preponderates against this finding. We conclude that trial counsel was not deficient in his dealing with the question of the juror's impartiality and that, even if it was deficient representation, Petitioner has not proven any prejudice.

Finally, on appeal, Petitioner argues that trial counsel was ineffective by not investigating Petitioner's addiction. However, in his petition, Petitioner states that trial counsel was ineffective for not investigating his mental competency. Mental competency and drug addiction are not necessarily the same issue. Furthermore, the only evidence presented at trial on this point was Petitioner's testimony that he was addicted to crack cocaine at some point. He did not testify that this addiction affected his ability to understand what was happening during trial. Trial counsel also saw no signs during his representation of Petitioner that Petitioner was having any problems understanding the trial procedure. Therefore, we conclude that Petitioner has not proven that trial counsel was ineffective in not

investigating either his mental competency or his addiction and that even if it was ineffective assistance of counsel, Petitioner has not demonstrated prejudice as a result of trial counsel's actions.

These issues are without merit.

## **CONCLUSION**

For the foregoing reasons, we affirm the denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE